IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NESTOR HERNANDEZ,

      Plaintiff,

vs.                                         Civ. No. 20-cv-0035 KG-JHR

ANDREA REEB,
STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint.  (Doc. 1) (Complaint).  He seeks damages based on an illegal state criminal sentence and asks the Court to vacate his convictions.  Having reviewed the matter *sua sponte*, the Court will dismiss all 42 U.S.C. § 1983 claims but allow Plaintiff to file an amended habeas petition.

    I.      Background

Plaintiff is incarcerated at the Lea County Correctional Facility (LCCF).  (Doc. 1) at 1. The Complaint alleges he was convicted of an unspecified crime in state court.  (Doc. 1) at 2, 4. Although Plaintiff does not indicate what sentence he received, he contends the sentence is illegal.  (Doc. 1) at 2.  It appears the sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D).  *Id.* at 5.  Plaintiff alleges the enhancement increased the sentence beyond the "maximum authorized by law."  *Id.* at 2.  He contends the state prosecutor should have notified him about the enhancement five days prior to trial.  *Id.* at 5.  Plaintiff further alleges his convictions violate double jeopardy principles, and he lacked notice and an opportunity to prepare a defense.  *Id.* at 2-3.

The Complaint raises claims for due process violations, false imprisonment, "deliberate indifference" to the allegedly illegal sentence.  (Doc. 1) at 2-7.  The Complaint names two Defendants: (1) the New Mexico Corrections Department (NMCD); and (2) Deputy District Attorney Andrea Reeb.  *Id.* at 1, 2.  Plaintiff seeks $350,000 in damages under 42 U.S.C. § 1983. *Id.* at 9.  He also asks the Court to set aside his state conviction(s).  *Id.*  Plaintiff addressed the filing fee, and the matter is ready for initial review.

II.        Standards Governing *Sua Sponte* Review

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints against government officials.  *See* 28 U.S.C. § 1915A.  The Court must dismiss any complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted.  *Id*.  To survive initial review, the complaint must contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.*  However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v.*

2

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

    III.    <u>Discussion</u>

        The Complaint primarily alleges Defendants recommended or executed an illegal

sentence in violation of 42 U.S.C. 1983.  (Doc. 1) at 2-7.   Section 1983 relief is only available

when the wrongdoing is attributable to a "'person' acting under color of state law."  *McLaughlin*

*v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  "New Mexico Department of

Corrections is not a 'person' subject to suit under § 1983."  *Blackburn v. Department of*

*Corrections*, 172 F.3d 62, 63 (10th Cir. 1999).  Hence, Plaintiff's Section 1983 claims against

NMCD fail.

        The claims against Prosecutor Reeb are similarly barred.  State and federal prosecutors are

absolutely immune from suit for actions "taken in connection with the judicial process."  *Imbler*

*v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes initiating a prosecution, presenting

evidence, and participating in sentencing proceedings.  *See Nielander v. Board of County*

*Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Blair v. Osborne,* 777 Fed. App'x 926, 929 (10th

Cir. 2019) (immunity applies to prosecutor's improper "statements at the sentencing hearing").

Hence, Plaintiff cannot sue Reeb, even if she failed to disclose a potential sentence enhancement

or pursued duplicative charges.

        Alternatively, the Section 1983 claims are barred under *Heck v. Humphry*, 512 U.S. 477,

487 (1994).  *Heck* held that the Federal Court must dismiss any Section 1983 damages claim that,

if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing

conviction or sentence.  *Id.* at 487.  Compensating Plaintiff for any illegal sentence would clearly

imply that the state criminal judgment is invalid.  *See Denney v. Werholtz*, 348 Fed. App'x 348,

351 (10th Cir. 2009) (affirming application of *Heck* to § 1983 claim challenging an

"indeterminate [state] sentence"); *Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir.

2012) (*Heck* barred § 1983 monetary claims "alleging violations of ... constitutional rights by ...

the deputy district attorney").  For these reasons, the Complaint fails to state a viable Section

1983 claim.  The Court will dismiss all civil claims pursuant to 28 U.S.C. § 1915A.

      IV.      <u>The Court Will Permit Plaintiff to File an Amended Habeas Petition</u>

     *Pro se* prisoners should normally be given an opportunity to remedy defects in their

pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not

invite an amendment when any amended complaint would also be subject to dismissal under Fed.

R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Here,

amending the civil Section 1983 claims would clearly be futile.  Plaintiff cannot recover money

damages from the parties responsible for his state sentence.  Plaintiff's request to set aside his

convictions may be colorable under 28 U.S.C. § 2254, *see McIntosh v. U.S. Parole Comm'n*, 115

F.3d 809, 811 (10th Cir. 1997), but the Complaint lacks sufficient information to screen that

claim.  It fails to list the state case number, the specific crimes at issue, or any dates relevant to

the underlying proceedings.  The Court will permit Plaintiff to file an amended Section 2254

habeas petition within thirty (30) days of entry of this ruling.  If Plaintiff declines to timely

comply, the Court will dismiss this matter without further notice.

IT IS ORDERED:

1.      All 42 U.S.C. § 1983 claims set forth in Plaintiff's Civil Rights Complaint (Doc.

1) are dismissed with prejudice pursuant to 28 U.S.C. § 1915A.

2.      Plaintiff may file an amended 28 U.S.C. § 2254 habeas petition within thirty (30)

days of entry of this ruling.

_____
UNITED STATES DISTRICT JUDGE