IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NESTOR HERNANDEZ,

    Plaintiff,

vs.                                                                            Civ. No. 20-cv-0035 KG-JHR

ANDREA REEB,
STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Plaintiff's failure to amend his pleading as directed. Plaintiff is incarcerated and proceeding *pro se*. His original pleading seeks damages based on an illegal state criminal sentence and asks the Court to vacate his convictions. (Doc. 1) (Original Complaint). The sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D). *Id.* at 5. The enhancement allegedly increased the sentence beyond the "maximum authorized by law." *Id.* at 2. According to Plaintiff, the state prosecutor should have notified him about the enhancement five days prior to trial. *Id.* at 5. The Original Complaint further alleges Plaintiff's convictions violate double jeopardy principles, and he lacked notice and an opportunity to prepare a defense. *Id.* at 2-3. The Original Complaint raises claims for due process violations, false imprisonment, "deliberate indifference" to the allegedly illegal sentence. (Doc. 1) at 2-7.

    By a ruling entered June 17, 2022, the Court determined the Original Complaint fails to state a cognizable claim. (Doc. 6) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints). Plaintiff cannot recover under 42 U.S.C. § 1983 against

the named Defendants, New Mexico Corrections Department (NMCD) and prosecutor Andrea Reeb. NMCF "is not a 'person' subject to suit under § 1983." *Blackburn v. Department of Corrections*, 172 F.3d 62, 63 (10th Cir. 1999). As a prosecutor, Reeb is absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Screening Ruling further noted that compensating Plaintiff for an illegal sentence would clearly imply that the state criminal judgment is invalid. Hence, the Section 1983 claims are barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (affirming application of *Heck* to § 1983 claim challenging an "indeterminate [state] sentence"); *Baldwin v. O'Connor*, 466 Fed. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of ... constitutional rights by ... the deputy district attorney"). The Court dismissed all civil claims in the Original Complaint with prejudice for failure to state a cognizable claim. The Court also determined a Section 1983 amendment would be futile since those claims are barred as a matter of law.

Because the Original Complaint also implicates habeas relief, and consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* permitted Plaintiff to file an amended 28 U.S.C. § 2254 petition. The Screening Ruling advised that Plaintiff must specify the state case number and crimes at issue to permit screening of any habeas claims. Plaintiff was warned that the failure to timely amend may result in the dismissal of this case. The deadline to comply was July 18, 2022. Plaintiff did not file an amended Section 2254 petition or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss any habeas claims without prejudice pursuant to Fed. R. Civ. P. 41 and close the case. That rule permits dismissal for "failure to prosecute [and] comply with the ... court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3

(10th Cir. 2003).

IT IS ORDERED:

1. Any 28 U.S.C. § 2254 habeas claims in the Original Complaint (Doc. 1) are dismissed without prejudice.

2. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE